IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **FIROOZ DELJAVAN,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | MO:22-CV-00211-DC | |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| *Defendant.* § | | |

## **ORDER**

Before the Court is the Report and Recommendation[1] from United States Magistrate Judge Ronald C. Griffin related to Deljavan's Petition for Writ of Error Coram Nobis.[2]

In his report and recommendation, Judge Griffin recommends that the Court deny Deljavan's Petition and enter final judgment in favor of the United States, closing the case. Deljavan represents himself in this matter. Though he requested to extend his deadline four times, which the Court granted, Deljavan nevertheless failed to timely respond[3] to the report and recommendation.[4]

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court.[5] When no

---

[1] ECF No. 5.
[2] ECF No. 1.
[3] ECF No. 10.
[4] ECF No. 16.
[5] 28 U.S.C. § 636(b)(1)(C).

objections are timely filed, a district court can review the magistrate's report and recommendation for clear error.[6]

Here, Deljavan made no real objection, but rather re-urged his petition for writ of coram nobis. Nevertheless, the Court gives de novo review, albeit briefly.

Deljavan petitioned this Court for Writ of Error Coram Nobis against the Government, seeking a sentence reduction that would relieve him of his remaining restitution payments through the release of $12,000.00 in garnished funds from the Federal Litigation Unit. The Court agrees with the Government that, typically, such a request would be better handled like a Section 2255 motion to vacate.[7] If instead Deljavan wishes to refile his writ of coram nobis, he may do so in the criminal case under which he was convicted. That said, the Court notes that while it sees no error in the Magistrate Judge's analysis—specifically, that denial is supported by the multiple reasons analyzed in the report and recommendation—the only reason it does not adopt the report and recommendation as its own, is that the writ is likely not properly before the Court. Federal Rule 60 expressly abolished coram nobis in civil cases.[8]

The Court therefore **ADOPTS** the ultimate conclusion of the Report and Recommendation[9] but **DENIES** Deljavan's Petition for Writ of Error Coram Nobis[10] for the reasons stated above.

---

[6] *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[7] *See* ECF No. 3; 28 U.S.C. § 2255.
[8] *United States v. Morgan*, 346 U.S. 502, 506, 74 S. Ct. 247, 250, 98 L. Ed. 248 (1954).
[9] ECF No. 5.
[10] ECF No. 1.

An order of **FINAL JUDGMENT** in favor of the Government will issue after entry of this order, at which point the Clerk of the Court is directed to **CLOSE** the case.

It is so **ORDERED**.

SIGNED this 8th day of March, 2024.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE